IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW ALAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-1328-SLR |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiff Matthew Alan Smith ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit on October 20, 2014 alleging wrongful termination and breach of contract.

2. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements

2

identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff has sued defendant United Parcel Service, Inc. ("UPS") on many occasions, and it appears the instant complaint is one that has been recycled from one of his other lawsuits. For example, it is titled as an amended complaint even though it is the first pleading filed in this case; the caption refers to the "Northern District of Delaware" even though there is no such district; and while the complaint was signed on October 13, 2014, the certificate of service of the document refers to the amended complaint and was typed and dated for October 20, 2013 with a handwritten notation of October 13. The amended complaint appears to allege wrongful termination of employment, but it does not contain any details regarding employment such as dates of employment, place of employment, when the employment was allegedly terminated, or other relevant terms of employment. Instead the amended complaint summarily alleges that plaintiff was wrongfully terminated and that UPS committed breach of contract by failing to observe company policies related to "MAPP (initial assessment)." (D.I. 2) The amended complaint also appears to allege negligence. Plaintiff seeks declaratory relief and compensatory damages.

7. One fact not discussed in the amended complaint is that this is not plaintiff's first federal lawsuit against UPS. He has filed several suits with nearly identical

3

complaints in a number of other districts. See, e.g., Smith v. United Parcel Serv., Inc., Civ. No. 14-131 (W.D. Mich. filed June 16, 2014); Smith v. United Parcel Serv., Inc., Civ. No. 14-438 (W.D. Mich. filed June 16, 2014); Smith v. United Parcel Serv., Civ. No. 14-1388 (E.D. La. filed June 12, 2014); Smith v. United Parcel Serv., Civ. No. 14-109 (D. Alaska filed June 2, 2014); Smith v. United Parcel Serv., Civ. No. 14-102 (D. Vt. filed May 15, 2014); Smith v. United Parcel Serv., Civ. No. 14-229 (D. Haw. filed May 14, 2014); Smith v. United Parcel Serv., Civ. No. 14-744 (C.D. Cal. filed May 13, 2014); Smith v. United Parcel Serv., Civ. No. 14-21175 (S.D. Fla. filed April 2, 2014); Smith v. United Parcel Serv., Civ. No. 14-951 (N.D. Ga. filed Mar. 31, 2014); Smith v. United Parcel Serv., Civ. No. 14-237 (D. Utah filed March 28, 2014); Smith v. United Parcel Serv., Inc., Civ. No. 14-787 (D. Colo. filed March 17, 2014); Smith v. United Parcel Serv., Civ. No. 13-1815 (D. Colo. filed July 10, 2013); Smith v. United Parcel Serv., Civ. No. 14-666 (D. Ariz. filed Mar. 31, 2014). Except for the first case filed in the District of Colorado, without fail, each of these complaints has been dismissed for failure to state a claim, lack of venue, or overall frivolousness. Even in the lone case where plaintiff was permitted to proceed past the screening stage, the court ultimately entered summary judgment in favor of UPS, appeal dismissed based upon judicial estoppel. See Smith v. United Parcel Serv., 578 F. App'x 755 (10th Cir. Sept. 5, 2014).

8. The amended complaint does not state any facts to allow the court to discern the specific events or circumstances giving rise to plaintiff's claims against UPS. The amended complaint does not allege that he was actually employed by UPS or that

4

plaintiff had any other contractual relationship with UPS. Similarly, the amended complaint does not allege any facts to support a negligence claim.

9. As a general rule, district court should not dismiss a pro se complaint without granting leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, *supra*. However, the court finds that granting leave to amend the proposed complaint would be futile, given that similar cases have been dismissed as frivolous and that plaintiff continues with almost identical actions currently pending against UPS in the Northern District of Oregon, Civ. No. 14-1681 (N.D. Ore. filed October 21, 2014), the Northern District of Main, Civ. No. 14-422 (N.D. Me. filed Oct. 22, 2014), and the District of South Dakota, Civ. No. 14-4094 (D.S.D. filed June 13, 2014).

10. **Conclusion.** For the above reasons, the court will dismiss the amended complaint for as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile. A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Date: January 26, 2015

5